IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-82778 |
| | ) | |
| GREGORY P. ALBRACHT and | ) | CH. 13 |
| TERESA J. ALBRACHT, | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Omaha, Nebraska on December 15, 2009, regarding Filing No.10, Motion for Relief from Stay, filed by Eran Industries, Inc., and Filing No. 18, Resistance, filed by the Debtors. Richard Dwornik appeared for the Debtors and Paul Elofson appeared for Eran Industries. Evidence admitted: Filings #20, #21, #22, #24, #25, #26, #27, #28, #29, #30, #31, #32, #33.

In May 1998, Debtor Gregory P. Albracht sold certain patent rights to Eran Industries, Inc., by written contract which provided that Eran would, in addition to an initial payment, make royalty payments to Albracht based upon a certain percentage of gross sales or a minimum quarterly payment which was spelled out in the agreement.

As a result of disputes between the parties, a lawsuit was filed in the Douglas County District Court. That lawsuit was settled by a written Settlement Stipulation which modified some of the terms of the purchase agreement. Paragraph 2.9 of the purchase agreement entitled "Payment of Legal Fees" was deleted and the provisions of paragraph 2.9 identified in the Settlement Stipulation were substituted. The Settlement Stipulation is Filing #25. The parties now cannot agree on what paragraph 2.9 means.

In 2006, Eran was sued in the United States District Court for the District of Nebraska by parties alleging that the patents which are the subject of the Purchase Agreement between Albracht and Eran were invalid. Eran then sued, in the same court, alleging that the plaintiffs in the first case were infringing on the valid patent rights held by Eran. The lawsuits were eventually resolved in favor of the validity of the patents. However, to get to such completion of the litigation, Eran incurred what it claims to be more than $1,000,000.00 in attorney fees.

During and following the federal court litigation, Eran demanded that Albracht contribute his share of the attorney fees as defined by paragraph 2.9 of the Settlement Stipulation. Albracht did not make such contribution and Eran returned to the Douglas County District Court to get a determination that Albracht was liable for the stipulated share of the attorney fees. In late September 2009, the Douglas County District Court entered an order, Filing #22, in which that court interpreted paragraph 2.9 of the Settlement Stipulation to mean that Albracht is obligated to pay 50% of the attorney fees, costs and expenses incurred by Eran in connection with the patent lawsuit. The order further provided that Eran is entitled to deduct from any royalty payments that may be otherwise due Albracht his share of the legal fees incurred as a result of the federal lawsuits. In addition, the Douglas County District Court judge ordered Albracht to make payment of the attorney fees within 30 days of the date of the order. However, the order did not specify the amount of the attorney fees which were to be paid.

Paragraph 2.9 as included in the Settlement Stipulation reads as follows:

With respect to any litigation hereafter arising wherein some third party claims that the Patents infringe upon rights held by the third party or where Buyer reasonably alleges that some third party has infringed the Patents (hereinafter "Patent Infringement Litigation"), Buyer shall pay the first Five Thousand and No/l00 dollars ($5,000.00) in attorneys' fees, costs and expense, and thereafter, Seller agrees to reimburse Buyer fifty percent (50%) of the attorneys' fees, costs and expense reasonably incurred by Buyer in the Patent Infringement Litigation. Buyer's sole means of reimbursement from Seller for such fees, costs and expense shall be from the royalty payments due Seller; provided, however, that royalty payments paid to Seller shall not be less than Fifteen Thousand and No/100 dollars ($15,000.00) per quarter after deduction of Seller's portion of said legal fees and expenses . . . .

Albracht does not agree with the findings of the Douglas County District Court judge concerning reasonableness of the litigation and fees, and does not agree with the findings that "Eran Industries, Inc., is entitled to deduct from any royalty payments that may be otherwise due to defendant Gregory P. Albracht his share of the legal fees incurred as a result of the federal lawsuits." It is Albracht's interpretation of the Settlement Stipulation at paragraph 2.9 that any royalties he is owed above the $15,000.00 minimum quarterly payment may be deducted to pay the attorney fees, but he has a right to the minimum quarterly payment under all circumstances. Although that is his position, Albracht did not move for reconsideration of the Douglas County District Court order, nor did he appeal the order. Instead, he filed this Chapter 13 bankruptcy case.

This case was filed on October 19, 2009. On October 20, 2009, the $15,000.00 minimum royalty for the third quarter of 2009 was due. Relying upon the authority of the Douglas County District Court order, Eran did not make such a payment and asserted to counsel for Albracht that Eran had elected to offset such payment against the attorney fees which were due. Correspondence between the lawyers then resulted concerning whether such an offset was a violation of the automatic stay. In addition, Albracht invoked a default clause under the Settlement Stipulation and threatened to exercise certain remedies provided for in the Settlement Stipulation. In response to that, Eran filed an adversary proceeding in this court and requested a temporary restraining order and, in addition, filed this motion for relief from the automatic stay.

By this motion, Eran seeks to obtain an order of the court granting it relief from the automatic stay and permitting it to continue to set off royalties against Albracht's share of the attorney fees incurred in the patent litigation and in the additional litigation required to obtain the order from the Douglas County District Court. It is Eran's position that, notwithstanding the specific language in paragraph 2.9 regarding the quarterly payments due, the Douglas County District Court order authorizes Eran to set off or recoup from all future royalty payments the amounts necessary to reimburse for Albracht's share of the attorney fees.

There has been no judicial determination, either in the Douglas County District Court or in the bankruptcy court, of the amount of the claim for reimbursement of attorney fees that is actually due. The litigation, so far, has been directed at Albracht's obligation to acknowledge Eran's right to reimbursement.

Although this court may have interpreted the language of paragraph 2.9 differently from that of the Douglas County District Court judge if the matter had been originally presented in the bankruptcy court, the bankruptcy court is not an appellate court. Under the Rooker-Feldman

Doctrine,[1] the federal courts are prohibited from reviewing orders such as the Douglas County District Court order. The appropriate appellate jurisdiction is in the state court system. The Douglas County District Court is a court of competent jurisdiction and it has ruled on the litigation concerning Albracht's financial obligations. Any modification of the ruling by the Douglas County District Court must take place in that court or in the state appellate courts.

Debtor argues that past-due and future-due royalty payments are property of the bankruptcy estate and must be turned over to either the Debtor or the Chapter 13 trustee. By virtue of the Settlement Stipulation, and the Douglas County District Court order, only the net amount of royalties become property of the bankruptcy estate. The net amount, at this point in time, is zero. Because of the Settlement Stipulation and the court order, all of the amounts due are permitted to be deducted and applied to the reimbursement obligation of Albracht. The Settlement Stipulation as interpreted by the Douglas County District Court order is the equivalent of an executory contract. Eran has the continuing duty to calculate and pay quarterly royalties, subject only to the right of reimbursement of attorney fees and costs by withholding royalties. Debtor has the right to be paid royalties, subject to his obligation to pay the fees by the method of withholding identified in the Settlement Stipulation and the order.

For the above reason, the motion for relief from the automatic stay is granted. Until otherwise modified in the state court system, the order authorizing Eran to deduct any future royalty payments due Albracht until Eran is fully reimbursed for its attorney fees is binding.

It is important to both parties that this matter be finally resolved. In addition to the relief from the automatic stay requested in the motion, relief is granted to both parties to continue with the litigation in the state court, to determine the dollar amount of fees and expenses and/or to request reconsideration of the order concerning the interpretation of the language of paragraph 2.9, or to appeal through the state appellate system. That portion of the order that requires payment by Albracht within thirty days of entry of the order remains stayed.

---

[1]In essence, Albracht's response to the motion for relief that the Settlement Stipulation requires a minimum quarterly payment is an attempt to challenge the state court decision in federal court. Such a tactic is generally prohibited by the Rooker-Feldman doctrine, which precludes lower federal courts from deciding a collateral attack on a state court decision. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Lower federal courts, including bankruptcy courts, lack subject matter jurisdiction to engage in appellate review of state court determinations. Goetzman v. Agribank, FCB (In re Goetzman), 91 F.3d 1173, 1177 (8th Cir. 1996) (citing Keene Corp. v. Cass, 908 F.2d 293, 296 (8th Cir. 1990)). The scope of the Rooker-Feldman doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

IT IS ORDERED that the Motion for Relief from Stay, Filing #10, is granted.

DATED:          December 17, 2009

BY THE COURT:


/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
        Richard Dwornik
        *Paul Elofson
        Kathleen Laughlin
        U.S. Trustee


Movant (*) is responsible for giving notice to other parties if required by rule or statute.