IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-82778-TJM |
| | ) | |
| GREGORY P. ALBRACHT and | ) | |
| TERESA J. ALBRACHT, | ) | |
| | ) | CH. 13 |
| Debtor(s) | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on March 29, 2010, regarding Filing #55, Motion for Relief from Stay, filed by First Westroads Bank, and Filing #78, Resistance, filed by the debtors. Richard Dwornik appeared for the debtors and Thomas Ostdiek appeared for First Westroads Bank.

First Westroads Bank holds a security interest in Mr. Albracht's rights to payment under a "Purchase Agreement" with Eran Industries, Inc. ("Eran"). At the time Mr. Albracht entered into the promissory note with First Westroads Bank, he was receiving a minimum of $15,000 per quarter from Eran pursuant to the terms of the Purchase Agreement. As part of the security interest he granted to First Westroads Bank, all or a portion of the quarterly payments were directed to the bank.

Mr. Albracht and Eran have an ongoing dispute over the meaning of certain language in a settlement agreement which supposedly resolved issues concerning the obligations of each party under the Purchase Agreement. Eran has received a state court order which appears to allow Eran to withhold the quarterly payments and apply such payments to attorney fees and costs incurred in certain patent litigation and certain other litigation with third parties and with Mr. Albracht. As a result, the quarterly stream of revenue from the Purchase Agreement has, at least temporarily, been terminated, resulting in Mr. Albracht's inability to make payments to First Westroads Bank. It is undisputed by the debtor that the bank has a valid and enforceable security interest in the debtor's rights under the Purchase Agreement. The bank has presented evidence in the form of an affidavit by the president of Eran that it incurred at least a million dollars in attorney fees during the patent and other litigation and that under the terms of the Purchase Agreement, Mr. Albracht is responsible for approximately half of such fees. The bank's evidence purports to show that the quarterly payments due to Mr. Albracht will terminate in the year 2015, prior to complete payment of his obligation on the attorney fees.

Based upon this evidence, the bank claims that the debtor has no equity in the Purchase Agreement and that relief from the automatic stay should be granted to permit the bank to attempt to recover payment of the note through some type of action concerning the Purchase Agreement.

The debtor's evidence disputes the "lack of equity" in the Purchase Agreement. His evidence is that the total amount of attorney fees he is obliged to pay has not been determined and that some of the fees included in the itemized statement of fees presented on behalf of the bank are not related to the patent litigation or to the other litigation pending between Eran Industries and the debtor.

On the other hand, the debtor has no objection to granting limited relief to the bank to allow the bank to attempt to enforce its Uniform Commercial Code rights as against Eran's claims to the right of setoff.

After reviewing the evidence presented by both sides, I agree that it is not a certainty that the debtor does not have equity in the rights under the Purchase Agreement. As he suggests, there has been no determination of the amount of the attorney fees he is obliged to pay. Until that amount is liquidated through settlement or a court order, there remains the possibility that Mr. Albracht's rights in the Purchase Agreement do have equity.

IT IS ORDERED: The bank has contractual rights with regard to the flow of payments under the Purchase Agreement. Its contractual and Uniform Commercial Code rights may take priority over any setoff rights claimed by Eran. Therefore, although full relief from the automatic stay is not granted to the bank, relief is granted to the bank to permit it to initiate and complete any actions, through litigation or otherwise, to obtain a determination of its rights vis-à-vis those of Eran Industries, Inc.

DATED:    April 5, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Richard Dwornik
    *Thomas Ostdiek
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.