IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-82778-TJM |
| | ) | |
| GREGORY P. ALBRACHT and | ) | |
| TERESA J. ALBRACHT, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on January 24, 2011, regarding Filing #188, Motion to Stay Arbitration Request, filed by Eran Industries, Inc., and Filing #190, Objection, filed by Gregory P. Albracht. Paul Elofson appeared for Eran Industries, Inc., and Gregory Albracht appeared pro se.

These parties have been in litigation in the state court or the bankruptcy court since at least the year 2000. See Filing #46, which attempts to summarize the issues between the parties.

After the order at Filing #46 was entered, the parties returned to state court. A request was made to the Douglas County District Court to clarify one of its earlier orders which found that Mr. Albracht was responsible for one-half of the attorney fees incurred by Eran in patent litigation. Since that order did not determine the amount of the attorney fees due from Mr. Albracht, the Douglas County District Court judge was requested to set a hearing so that evidence could be presented on that issue.

After due consideration, the Douglas County District Court denied the requests contained in the motion before it. In the transcript of that hearing the judge made it clear that he felt that he should not retain jurisdiction with regard to any disputes concerning the settlement agreement entered into in May 2000, which had resolved certain litigation issues.

That settlement agreement, Exhibit A of Filing #195, at paragraph 3(a)(vii)(A), "3.14 Default," basically provides that if issues arise concerning allegations of default under the contract between the parties or the settlement agreement, if the state district court has not retained jurisdiction, the parties must take the issue to arbitration. The settlement agreement specifically lists three different individual attorneys in Omaha, Nebraska, any one of which can be requested to be the arbitrator.

Recently, Mr. Albracht has invoked the arbitration clause. He disputes the total amount of the attorney fees he allegedly owes, believes that his earned royalties have not been properly accounted for, and suggests that the September 2009 order of the state district court is being improperly interpreted by Eran to allow it to offset the minimum $15,000 quarterly payment to him as required by the contract between the parties. He desires to have an arbitrator determine all of those issues, plus some others which he has not specifically identified.

Eran has responded to the arbitration request by filing a motion to stay such arbitration, Filing #188. Mr. Albracht objected to that motion and a hearing was held on January 24, 2011.

Eran's position is that Mr. Albracht has somehow waived his right to arbitration by filing its Chapter 13 case and that a letter from the proposed arbitrator informs the parties that a deposit of up to $25,000 will be due at the beginning of the arbitration process. Since it does not appear in any schedules that Mr. Albracht has the financial wherewithal to pay his share of the arbitration costs,

it would be unfair to Eran to require it to participate in arbitration.

There is nothing in the Bankruptcy Code that suggests that the filing of bankruptcy is the equivalent of a waiver of a pre-petition contractual right to arbitrate issues. Just as the parties have the right to obtain a relief from the stay to return to state court litigation, as was allowed in this case, the parties certainly retained their contractual right to arbitration if the state court has not retained jurisdiction over the subject matter.

Concerning the argument that the debtor chose this venue to the exclusion of arbitration, there is authority stating that a debtor has an inviolate right to access the bankruptcy court for relief from his debts. The debtor's right to a fresh start is not undermined by allowing the debtor to waive his right to have one claim heard in bankruptcy court – opting instead to arbitrate it – while retaining his right to pursue other claims against other creditors in the bankruptcy forum. Knepp v. Credit Acceptance Corp. (In re Knepp), 229 B.R. 821, 842-43 (Bankr. N.D. Ala. 1999).

There is a strong federal policy in favor of arbitration, so any doubts concerning waiver of arbitrability should be resolved in favor of arbitration. Lewallen v. Green Tree Servicing, LLC, 487 F.3d 1085, 1090 (8th Cir. 2007) (citing Dumont v. Saskatchewan Gov't Ins., 258 F.3d 880, 886 (8th Cir. 2001)). A party may be found to have waived its right to arbitration if it: (1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts. Lewallen, 487 F.3d at 1090. To safeguard its right to arbitration, a party must "do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration." Id. at 1091 (quoting Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 391 (7th Cir.1995)).

In the Crossroads Ford, Inc., case, where a creditor sought relief from the stay to go forward with a pre-petition arbitration hearing on breach of contract, this court granted the motion, stating:

> "Generally, a court has little reason to ignore non-executory contractual arbitration clauses, . . . especially considering the strong federal policy favoring arbitration." In re Farmland Indus., Inc., 309 B.R. 14, 18 (Bankr. W.D. Mo. 2004) (citing Shearson/Am. Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987)). Well-settled law requires a bankruptcy court to permit arbitration to continue in non-core matters, but in core matters, "a party's right to enforce an arbitration agreement is not as strong." Id. at 19. When the core proceeding concerns the adjudication of federal bankruptcy rights completely separate from "inherited contractual claims," the Bankruptcy Code takes precedence over an arbitration agreement. Id. (quoting Ins. Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp. (In re Nat'l Gypsum Co.), 118 F.3d 1056, 1067 (5th Cir.1997)).
>
> However,
> enforcement of an arbitration clause arising out of litigation involving solely pre-petition contracts that are only core inasmuch as they involve seeking relief from the automatic stay to proceed to arbitration and determining the allowed amount of a proof of claim under applicable state law have been found not to conflict with the underlying provisions of the Bankruptcy Code.
>
> Farmland Indus., 309 B.R. at 19.

In the Farmland Industries case, the arbitration issue arose in the context of an objection to claim. The court granted relief from the stay to let arbitration continue

because the underlying contractual dispute involved mostly contractual and state-law rights, not rights arising under the Bankruptcy Code; the contract was pre-petition and non-executory; a strong federal policy favors enforcement of arbitration agreements; the arbitration proceeding may well be more efficient than the court's claims resolution process; there was no foreseeable impact on the distribution to unsecured creditors by resolving the claim in arbitration rather than in the bankruptcy court; the arbitration process likely would not require more of the debtor's resources than an adversary proceeding would; and, finally, the policy favoring enforcement of arbitration agreements outweighed the bankruptcy policies of centralized claims resolution and avoidance of piecemeal litigation.

In re Crossroads Ford, Inc., Case No. BK10-41918-TJM, 2010 WL 3491183, at *2 (Bankr. D. Neb. Sept. 1, 2010).

With regard to ability to pay the arbitration fees, a Michigan bankruptcy court ruled that a Chapter 7 debtor was aware of the costs when he agreed to the arbitration clause shortly before filing bankruptcy, so he can be held to that. In re Hermoyian, 435 B.R. 456, 466 (Bankr. E.D. Mich. 2010).

In this case, the debtor has invoked the arbitration clause and apparently believes he can afford to pay his share of the costs. If he cannot, the arbitrator should be made aware of that fact early on so there are no surprises later.

There has never been a determination, by the state court or the bankruptcy court, of the total amount of the attorney fees incurred by Eran with regard to the patent litigation, nor a determination concerning the amount of royalties that has been applied to the Albracht obligation to pay attorney fees. The state court judge refused to clarify the September 2009 order, Filing #22, that arguably appears to permit Eran to apply all royalty payments due to Albracht's share of the attorney fees, notwithstanding the contractual obligation contained in the settlement agreement to distribute a minimum $15,000 per quarter in royalty payments to Albracht. Since the state court judge refused to clarify the apparent inconsistency between the terms of the settlement agreement and the order, effectively terminated his involvement in the litigation and rejected further retention of jurisdiction, the appropriate forum for obtaining a determination of the rights of the parties concerning the matters at issue is in arbitration.

THEREFORE, IT IS ORDERED that the motion to stay arbitration, Filing #188, is denied and the parties are permitted to proceed with the arbitration process.

DATED:      February 16, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
Bankruptcy Judge

Notice given by the Court to:
*Paul Elofson          Kathleen Laughlin
Gregory Albracht       U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.